## VINES v. WILSON.

(Supreme Court, Appellate Division, Third Department. January, 1911.)

PARTNERSHIP (§ 344*)—DISSOLUTION—ACCOUNTING—JUDGMENT.

    A finding in a suit for a firm accounting, on the dissolution of the firm, that there is due a partner on account of one-half net profits of the business a specified sum when bills receivable are collected, and that the partner is entitled to judgment against the copartner for the specified sum, does not justify a personal judgment against the copartner for the specified sum, in the absence of a finding that the copartner has converted the bills receivable or that they are collectible.

    [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 813–818; Dec. Dig. § 344.*]

Appeal from judgment on Report of Referee.

Action by Joseph E. Vines against Jay S. Wilson. From a judgment for plaintiff, entered on the report of a referee, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Henry V. Borst, for appellant.
George M. Albot, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SEWELL, J. The action was brought to obtain an accounting between the plaintiff and defendant as members of a copartnership. The complaint alleges that in August, 1905, the parties entered into a copartnership for the purpose of grinding, buying, and selling flour, feed, and grain; that the business was carried on under the agreement until August 31, 1908, when the copartnership was dissolved by mutual agreement; that the business had earned a net profit of $6,000; that the plaintiff had received only $897.24, and all the other moneys and receipts of said firm were retained and under the control of the defendant; and that no accounting or settlement of the partnership affairs had been had. The referee found as facts that there was a net profit arising from the business of $2,542.38; that the plaintiff had received $1,248.50, and the defendant had received $768.17, and had in his possession to be collected by him $525.71 of uncollected bills. He found as a conclusion of law:

"That there is due and owing to the plaintiff on account of one-half net profits of said business $22.69, when the bills receivable, amounting to $525.-71, are collected," and "that the plaintiff is entitled to judgment against the defendant for the sum of $22.69, together with the costs of this action."

A judgment was thereupon entered in favor of the plaintiff and against the defendant for the sum of $22.69, and $404.86 costs and disbursements.

The bare statement of the findings of fact clearly shows the impropriety of charging the defendant with the amount of the uncollected accounts and of providing for a personal judgment against the defendant. The judgment is utterly unwarranted by the facts found, especially so in the absence of a finding that the defendant had converted the accounts or that they were good and collectible. The plaintiff, having received $480.33 more than the defendant, could have no claim against the defendant for contribution until the defendant has received more than an equal amount. It seems to me clear that the judgment is not only in conflict with the facts found, but it is grossly unjust.

It follows that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.